IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LUKE HARLEY MCBRAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  7:19-cv-616 |
| | ) | |
| GREGORY WINSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Gregory Winston, by counsel, respectfully submits this memorandum in support of his Rule 12(b)(6) motion to dismiss.

**STATEMENT OF THE CASE**

Plaintiff Luke Harley McBrayer is an inmate at the New River Valley Regional Jail ("NRVRJ"). On October 2, 2019, he filed this § 1983 lawsuit *pro se*. McBrayer alleges (1) he has Hepatitis C, (2) the NRVRJ has known of McBrayer's condition since February 2019, and (3) the NRVRJ has not treated it. McBrayer asserts an Eighth Amendment deliberate indifference claim against Gregory Winston, NRVRJ Superintendent. However, McBrayer alleges no facts to show that Winston had knowledge of McBrayer's condition or involvement in his treatment. As such, McBrayer failed to state a claim against Superintendent Winston.

**ARGUMENT**

**I.     Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its

1

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to (the complaint's) legal conclusions."  *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp*., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor unwarranted inferences, unreasonable conclusions, or arguments.  *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Only after a claim is stated adequately may it then "be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

In order for the plaintiff's claims to survive dismissal, she must "allege facts sufficient to state all the elements of her claim."  *Bass v. E.I. DuPont de Nemours & Co*., 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp*., 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  The Supreme Court requires that the plaintiff provide the grounds of her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.     McBrayer failed to state a claim against Superintendent Winston.

The Eighth Amendment right to be free from cruel and unusual punishment guarantees prisoners freedom from the "unnecessary and wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  Prisoners have a constitutional right to medical care to address their

serious medical needs. *Id.* at 103-04. A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To establish deliberate indifference, the prisoner must demonstrate the prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* (internal quotations and citations omitted).

Liability arises under § 1983 only "where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). An official may not be held liable absent proof he "had personal knowledge of and involvement" in the alleged constitutional deprivation. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). The doctrine of *respondeat superior* does not apply to § 1983 claims. Supervisory officials may not be held vicariously liable for the unconstitutional conduct of their subordinates. *Snodgrass v. Messer*, 2017 U.S. Dist. LEXIS 34329 at *20 (W.D. Va. March 10, 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

McBrayer's complaint is devoid of facts to demonstrate Superintendent Winston personally deprived McBrayer of treatment for Hepatitis C. There are no facts to suggest that Superintendent Winston "knew of" McBrayer's Hepatitis C diagnosis, nor are there facts to show Winston "disregarded" it. *Jackson*, 775 F.3d at 178. Winston is mentioned only once in the complaint – in the caption of the case. The Superintendent cannot be held liable under § 1983 solely by virtue of his supervisory status at the NRVRJ. Accordingly, the complaint is insufficient to state a claim.

## CONCLUSION

For the foregoing reasons, defendant Gregory Winston, by counsel, respectfully requests that the Court grant his motion to dismiss and dismiss the Plaintiff's complaint with prejudice.

GREGORY WINSTON

By: /s/ Julian F. Harf
Julian F. Harf (VSB #90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: JulianH@guynnwaddell.com
*Attorney for Defendant Gregory Winston*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 17th day of December, 2019, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, and I further certify that I have

mailed by United States Postal Service the document to the following:

Luke Harley McBrayer
#10-34225
New River Regional Jail
PO Box 1067
Dublin, VA 24084
*Plaintiff pro se*

/s/ Julian F. Harf
Julian F. Harf (VSB #90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: JulianH@guynnwaddell.com
*Attorney for Defendant Gregory Winston*